SINGER, Respondent, vs. WAMBOLD and others, Appellants.

*April 14 — May 3, 1892.*

*Chattel mortgage: Contemporaneous contract: Filing.*

The vendees of goods gave the vendor a mortgage thereof to secure a part of the purchase price. On the same day they also executed a written contract to the effect that all goods thereafter purchased of said vendor, and all collections and accounts on future sales by them, should belong to said vendor, and that they should be deemed his agents for the sale of such goods. *Held*, that this contract was no part of the mortgage, and the failure to file it as a part thereof did not render the mortgage void.

APPEAL from the Superior Court of *Milwaukee* County.

Replevin. The facts are stated in the opinion. The defendants appeal from a judgment in favor of the plaintiff.

For the appellants there was a brief by *McKenney & Wambold,* and oral argument by *J. C. McKenney.* They contended, *inter alia,* that the mortgage and agreement must be construed together as one paper. *Hagerty v. Hoyt,* 69

Wis. 317, 323; *Winner v. Hoyt*, 66 id. 227, 234; *Herbst v. Lowe*, 65 id. 316; *Blakeslee v. Rossman*, 43 id. 116. They were void because the agreement, being part of the mortgage, was not filed. S. & B. Ann. Stats. sec. 2317; *Blakeslee v. Rossman*, 43 Wis. 116, 123.

For the respondent there was a brief by *Austin & Hamilton*, and oral argument by *W. H. Timlin*.

ORTON, J. On or about the 13th day of September, 1890, Housman & Seeberg purchased of the plaintiff goods of the value of about $750, and gave him a mortgage on the goods to secure the payment of $616 of the purchase money on or before the 1st day of December, 1890, and said mortgage was duly filed. On the same day said firm executed to the plaintiff a contract in writing to the effect that the title to all goods thereafter purchased of the plaintiff, and all collections and accounts on future sales, should belong to him, and that they should be deemed his agents for the sale of the goods. On the 3d day of October, 1890, Housman & Seeberg made an assignment of their property for the benefit of their creditors to the defendant *J. C. Wambold*, who took possession of these goods and credits therefor, which comprised all or nearly all of their property, and this action of replevin is brought by the plaintiff to recover the same. There was no evidence that the plaintiff knew that said firm was indebted to any one except himself or that they contemplated an assignment, or that he knew or had reasonable cause to believe that they were insolvent when he took the mortgage, and as to the last the jury so found specially. The jury also found all the issues in favor of the plaintiff.

The learned counsel of the appellants, under the head "Assignment of Errors" in their brief, say "the court erred in finding and directing the jury that said mortgage was valid and that the plaintiff was entitled to the possession

of the property." It does not appear that the court made any such finding or gave any such direction, nor does it appear that any exception was taken to the charge of the court. The instructions of the court to the jury were very full, fair, and clear, and gave the law correctly, and left every issuable fact to the jury to find.

The second and third errors are predicated on the refusal of the court to direct a verdict for the defendants, and the denial of the defendants' motion for a new trial, and relate to the merits of the case. The only question of law raised is that the mortgage and contract were one instrument, and that the contract not having been filed makes the mortgage void as to the defendants. The contract was no part of the mortgage. It simply removed the suspicion that the mortgagors were left in possession of the goods to sell them as their own. It shows that there was no such understanding, but that they were in possession to sell, if at all, as the agents of the mortgagee, and that the proceeds should belong to him.

There was not the slightest evidence of fraud in the mortgage, and the plaintiff was clearly entitled to recover.

*By the Court.*— The judgment of the superior court is affirmed.